# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VILLALOBOS,<br><br>        Petitioner,<br><br>        v.<br><br>C.E. DUCART, Warden,<br><br>        Respondent. | Case No. CV 15-3302 VAP (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court grants the Attorney General's unopposed motion to dismiss this state habeas action.

\* \* \*

Petitioner is a state prisoner. He filed a habeas action in this Court challenging his convictions for attempted murder and other charges. (Docket # 1.) The Attorney General moved to dismiss the petition as "mixed" because several of Petitioner's claims were unexhausted. (Docket # 8.)

The Court (Magistrate Judge Wilner) informed Petitioner in July 2015 of his obligation to respond to the Attorney General's dismissal motion. (Docket # 10.) Judge Wilner specifically informed Petitioner that the Court could consider the

motion unopposed – and consented to – under the Local Rules unless Petitioner filed a response. The Court also advised Petitioner that the action could be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case. (Id.)

Petitioner failed to respond to the Attorney General's motion by the date set forth in the Court's order. In August 2015, Judge Wilner issued an order for Petitioner to show cause why the motion should not be granted for the grounds argued by the Attorney General, for failure to oppose the motion under Local Rule 7-12, and under Rule 41. (Docket # 11.) The order instructed Petitioner to respond to the OSC and file his substantive response to the Attorney General's dismissal motion by September 8. (Id.) Petitioner did not file any response.

\* \* \*

Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion." That rule applies to the present dismissal motion. The Attorney General plausibly established that Petitioner failed to exhaust his state remedies with respect to his evidentiary claims. Rose v. Lundy, 455 U.S. 509, 522 (1982) (inclusion of an unexhausted claim in a federal habeas petition renders the petition mixed and subject to dismissal). Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action.

Dismissal is also proper under Rule 41(b). Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v.

Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

Petitioner's failure to prosecute this action – or to respond to the Court's orders requiring him to do so – warrants dismissal under Rule 41(b). Petitioner failed to respond to the Court's orders requiring him to: (a) respond to the Attorney General's dismissal motion; and (b) show cause regarding the status of the action. (Docket # 5, 6, 7.) The public, the Court, and the state have a significant interest in the resolution of this case. Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to a decision on the merits. Moreover, given Petitioner's failure to respond to the Court's orders, there are no "less drastic sanctions" available to the Court other than a dismissal of the action. Omstead, 594 F.3d at 1084. Rule 41 therefore provides an additional basis for dismissing the action.

A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim that leads to a dismissal of the action with prejudice. However, when the dismissal is "for lack of jurisdiction" (such as when a habeas claim is unexhausted), the dismissal should be without prejudice. See, e.g., Fisher v. Clark, No. CV 13-8600 VBF (MAN), 2014 WL 1457816 (C.D. Cal. 2014) (dismissal of habeas petition without prejudice for lack of subject-matter jurisdiction where petition was fully unexhausted).

1  Therefore, for the reasons set forth above, this action is hereby DISMISSED
2  without prejudice.
3  IT IS SO ORDERED.
4
5  Dated: October 13, 2015_____
6                          HON. VIRGINIA A. PHILLIPS
                        UNITED STATES DISTRICT JUDGE
7
8
9  Presented by:
10
11
12  _____
  HON. MICHAEL R. WILNER
13  UNITED STATES MAGISTRATE JUDGE

4